Aaron Van Nostrand
**GREENBERG TRAURIG, LLP**
200 Park Avenue, P.O. Box 677
Florham Park, New Jersey 07932-0677
(973) 360-7900 (Telephone)
(973) 301-8410 (Facsimile)
*Attorneys for Plaintiff*
*Lorillard Tobacco Company*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LORILLARD TOBACCO COMPANY, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>TROPICAL GROCERY STORE and ABDUL KALAM AZAD,<br><br>Defendants. | Civil Action No. 11 cv 1420<br><br>**ORDER GRANTING:**<br>**(1) PLAINTIFF'S APPLICATION FOR AN *EX PARTE* SEIZURE; (2) ORDER TO SHOW CAUSE WITH TEMPORARY RESTRAINTS; (3) APPLICATION TO SEAL FILE; AND (4) EXPEDITED DISCOVERY** |

Plaintiff Lorillard Tobacco Company ("Lorillard") has applied *ex parte* for a seizure order pursuant to 15 U.S.C. § 1116(d), a temporary restraining order, and an order to show cause why a preliminary injunction should not issue under the Lanham Act, 15 U.S.C. § 1051, *et seq.* because Defendants Tropical Grocery Store and Abdul Kalam Azad (collectively "Defendants") have been selling counterfeits of Lorillard's registered trademarks.

This Court, having reviewed the Verified Complaint, pleadings, moving papers, and Declarations submitted by Lorillard, finds that:

(a) Lorillard is likely to succeed in showing that Defendants used counterfeits of Lorillard's trademarks LORILLARD®, NEWPORT®, NEWPORT® (stylized), Spinnaker Design®, and NEWPORT and Design®, registered on the Principal Register in the United States

- 2 -

Patent and Trademark Office (collectively, the "Lorillard Marks"), in connection with the sale, offering for sale, and/or distribution of cigarettes within the United States;

(b)  The continued sale of cigarettes bearing counterfeits of Lorillard's Marks will result in immediate and irreparable injury to Lorillard if a seizure of such counterfeit merchandise and the records pertaining thereto is not ordered;

(c)  Defendants, or other persons acting in concert with the Defendants, may destroy, move, hide, or otherwise make the merchandise bearing a counterfeit of the Lorillard Marks inaccessible to the Court if Lorillard were to proceed on notice to Defendants, thus frustrating the ultimate relief Lorillard seeks in this action;

(d)  The harm to Lorillard of denying the requested *ex parte* seizure order outweighs the harm to Defendants' legitimate interests of granting such an order;

(e)  Lorillard has not published the proposed seizure order;

(f)  Lorillard has provided the United States Attorney with reasonable notice of its application for this Order;

(g)  Lorillard has sufficiently identified Defendants and the location where they are likely to be holding and/or offering for sale merchandise bearing counterfeits of Lorillard's trademarks and records relating thereto; and

(h)  Entry of an order other than an *ex parte* seizure order will not adequately achieve the purposes of 15 U.S.C. § 1114 to preserve to Lorillard its remedies for trademark infringement, including destruction of merchandise bearing counterfeits of Lorillard's trademarks, and recovery of Lorillard's lost profits and damages.

- 3 -

IT IS on this **15th** day of March, 2011;

**ORDERED** that Defendants show cause (unless they waive the right to do so) before this Court, located at Mitchell H. Cohen Building & United States Courthouse, 4th & Cooper Streets, Camden, New Jersey, Courtroom No. **4D**, on **March 25** 2011 at **11:00 AM** or as soon thereafter as counsel can be heard, why an order should not be entered granting Lorillard a preliminary injunction pursuant to Federal Rule of Civil Procedure 65 that would:

(a) Enjoin and restrain Defendants and any of their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, from directly or indirectly:

(i) using any reproduction, counterfeit, copy, or colorable imitation of the Lorillard Marks in connection with the importation, sale, offering for sale, or distribution of cigarettes in the United States;

(ii) using the Lorillard Marks or any reproduction, counterfeit, copy, or colorable imitation of the same in any manner likely to cause others to believe that Defendants' products are connected with Lorillard or are genuine Lorillard products if they are not;

(iii) passing off, inducing, or enabling others to sell or pass off any merchandise which is not genuine Lorillard merchandise as and for genuine Lorillard merchandise;

(iv) making any false or misleading statements regarding Lorillard or its respective goods, or the relationship between Lorillard, on the one hand, and Defendants, on the other hand;

NJ 227,125,718v1 3-11-11

(v) committing any other acts calculated to cause purchasers to believe that Defendants' products are Lorillard's products;

(vi) importing, shipping, delivering, distributing, holding for sale, returning, transferring, or otherwise moving or disposing of in any manner such cigarettes falsely bearing one or more of the Lorillard Marks or any reproduction, counterfeit, copy, or colorable imitation of the same; and

(vii) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above paragraphs (i) through (vi); and

(b) Impound, in the custody of Lorillard's counsel, as substitute custodian for the Court during the pendency of this action or until further order of this Court, the cigarettes or other items seized pursuant to the provisions of this Order hereinafter set forth; and

(c) Order Defendants to deliver to Lorillard's counsel for impoundment, pursuant to this Court Order, all such items or things bearing counterfeits of the Lorillard Marks remaining in their possession, custody or control.

**IT IS FURTHER ORDERED** that, pending the hearing on Lorillard's application for a preliminary injunction, Defendants and any of their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are temporarily restrained from: (1) committing any of the acts set forth in paragraphs (i) through (vii) of the preceding section (a); (2) other than pursuant to a discovery instrument propounded by Lorillard or an order of this Court, moving, destroying, or otherwise disposing of any goods, boxes, labels, packaging or other items or documents bearing any reproduction, counterfeit, or imitation of the Lorillard Marks; or (3) removing, destroying, or otherwise disposing of any business records or documents

relating in any way to the manufacture, importation, acquisition, purchase, distribution, or sale of goods or merchandise bearing any of the Lorillard Marks or any reproduction, counterfeit, or imitation thereof; and

**IT IS FURTHER ORDERED** that the temporary restraining order shall remain in effect until the date for the hearing on the order to show cause set forth above or on any such further date set by the Court; and

**IT IS FURTHER ORDERED** that pursuant to 15 U.S.C. § 1116(d)(1)(A), on or before _March 22_, ~~2011~~ 2011, any United States Marshal, his or her deputy, or any other federal, state, or local law enforcement officer, accompanied by Lorillard's counsel and/or persons acting under its supervision, is directed immediately to seize and impound:

(a) All cigarettes and any other such goods or merchandise in Defendants' possession, custody, or control, bearing or intended to bear any counterfeit, copy, or substantially indistinguishable imitation of one or more of the Lorillard Marks;

(b) All means of making any counterfeits, copies, or substantially indistinguishable designations of or for any Lorillard Marks;

(c) All records documenting or reasonably appearing to document or relate to the manufacture, importation, purchase, sale, distribution, or receipt of any merchandise bearing any of the Lorillard Marks, or intended to bear any counterfeit, copy, or substantially indistinguishable designations of or for any of the Lorillard Marks, or other things involved in such violation; including all merchandise or means of making such merchandise, and all such records and things under the control of Defendants found at 3912 Ventnor Avenue, Atlantic City, New Jersey; and

- 6 -

**IT IS FURTHER ORDERED** that the United States Marshal or other law enforcement officer accomplishing such seizure shall employ whatever reasonable force is necessary to enter the premises of Defendants identified above, including breaking open and entering said premises, and to inspect the contents of any vehicles, containers, desks, or documents located on the premises where any potentially counterfeit items may be stored; and

**IT IS FURTHER ORDERED** that Lorillard's counsel and/or persons acting under its supervision, while on Defendants' premises and inspecting the products in Defendants' possession, custody, or control, shall make a good faith determination as to whether such products are counterfeit or are genuine Lorillard products. Only products bearing a counterfeit, copy, or substantially indistinguishable imitation of one or more of the Lorillard Marks shall be seized and impounded pursuant to this Order. Genuine Lorillard products shall not be seized. If, after a good faith inspection of the products in Defendants' possession, custody, or control, Lorillard's counsel and/or persons acting under its supervision remain uncertain as to the products' authenticity, Lorillard's counsel and/or persons acting under its supervision may seize and impound such products, but Lorillard must immediately replace these seized products of uncertain authenticity with an equal amount of genuine Lorillard products; and

**IT IS FURTHER ORDERED** that anyone interfering with the execution of this Order is subject to arrest by the United States Marshal and/or his or her representative; and

**IT IS FURTHER ORDERED** that Lorillard's counsel and/or persons acting upon its supervision will account completely for all property seized pursuant to this Order and shall compile a written inventory of all such property and shall provide a copy to the U.S. Marshal, who shall include such a copy with his return to the Court; and

NJ 227,125,718v1 3-11-11

**IT IS FURTHER ORDERED** that Lorillard's counsel and/or persons acting under its supervision will act as substitute custodian for any and all property seized pursuant to this Order and shall hold harmless the U.S. Marshals Service and its employees from any and all claims asserted in any court or tribunal, arising from any acts, incidents, or occurrences in connection with the seizure and possession of the Defendants' property, including any third-party claims; and

**IT IS FURTHER ORDERED** that Lorillard or its agents shall inspect all items seized, and if any items are found to be genuine products, such items are to be returned to Defendants as soon as reasonably possible, but in no event later than seven court days after the date of such seizure pursuant to the terms of this Order; and

**IT IS FURTHER ORDERED** that any such merchandise or means of making such merchandise or records and things seized shall be appropriately packaged to permit identification, that Defendants shall be given a receipt therefore, and such merchandise, records or things shall be impounded in the custody or control of Lorillard's counsel, as substitute custodian for the Court, pending further order of this Court, and shall be made available for inventory or inspection by any party or its counsel during normal businesses hours; except that any record or document seized shall be subject to a protective order whereby access thereto shall be initially restricted to Lorillard's outside counsel and Defendants and Defendants' counsel, who shall all be permitted to inspect and copy such records, and the originals of such records shall be copied and the originals returned to Defendants as soon as possible, but in no event later than 48 hours after such seizure. The protective order, limiting the access of Lorillard's officers and employees to such records and documents shall not expire unless otherwise ordered by the Court; and

IT IS FURTHER ORDERED that Lorillard shall post a cash or corporate surety bond in the amount of $ 500.00 as security for the payment of such damages as any person may be entitled to recover as a result of a wrongful seizure, attempted seizure, or restraint hereunder; and

IT IS FURTHER ORDERED that service of a copy of this Order, the Verified Complaint, the Application and all supporting declarations, exhibits and the Memorandum of Law be made upon Defendants consistent with 15 U.S.C. § 1116(d)(9) and in a manner consistent with service of process requirements in the State of New Jersey, at the time of seizure. If a party is not present at the seizure, Lorillard shall, within three court days after the seizure, serve any Defendant(s) not served at the time of seizure either personally or at their place of business or residence by leaving such document with a person of at least 18 years of age or by serving any agent of Defendant(s) authorized to receive service of process; and

IT IS FURTHER ORDERED that Defendants' answering papers, if any, shall be filed with the Clerk of this Court and served upon the attorneys for Lorillard by delivering copies to the offices of Greenberg Traurig, LLP, 200 Park Avenue, P.O. Box 677, Florham Park, New Jersey 07932-0677, to the attention of Aaron Van Nostrand. Any response shall be filed and served on Lorillard before 5:00 am/pm on March 23, 2011; and

IT IS FURTHER ORDERED that this action shall remain sealed by the Court until service on all Defendants or the date for the hearing of the order to show cause, at which time the Clerk may remove the seal and secrecy order, and that Lorillard shall withhold publication of the instant Order, this action, and seizure, until the date for hearing of the order to show cause; and

IT IS FURTHER ORDERED that, good cause having been shown, deposition and written discovery may begin immediately.

NJ 227,125,718v1 3-11-11

- 9 -

Defendants are warned that any act by them in violation of any of the terms of this Order after proper notice to them, may be considered and prosecuted as contempt of this Court.

_____, U.S.D.J.